REQUESTED BY: Senator Jim Jensen Nebraska State Legislature
You have requested our opinion concerning the validity under Neb. Const. art. III, § 24, of two bills currently before the Legislature (LB 659 and LB 560) proposing to expand the manner in which certain gambling activities may be conducted in Nebraska. LB 659 proposes to authorize the use of "electronic pickle card dispensing devices." LB 560 proposes to amend the Nebraska County and City Lottery Act to provide that, in addition to the "paper ticket" form of keno currently authorized, "magnetically recorded tickets" could be utilized to select numbers to play keno. Your question is whether, in light of prior opinions of this office addressing the constitutionality of proposed legislation attempting to authorize the use of "electronic" or "video" gambling devices, the forms of gambling proposed in LB 659 and LB 560 are consistent with the Legislature's power to authorize "lotteries" for "charitable or community betterment purposes" under art. III, § 24.[1]
[1] We have addressed questions regarding the Legislature's power to permit "electronic" or "video" gambling devices on several occasions. See Op. Att'y Gen. No. 95085 (November 8, 1995); Op. Att'y Gen. No. 96007 (January 23, 1996); Op. Att'y Gen. No. 97013 (February 18, 1997).
I. LB 659 — "ELECTRONIC" PICKLE CARD DISPENSING DEVICES
In Op. Att'y Gen. No. 97013 (February 28, 1997), we addressed whether legislation proposing to amend the Nebraska Pickle Card Lottery Act to allow the use of "electronic" pickle cards which would be "electronically open[ed] . . . by moving a finger or other physical object over the face of the displayed pickle card" was a lawful form of "lottery," or a prohibited "game of chance" under art. III, § 24. We noted that one bill before the Legislature proposing to authorize use of an "electronic pickle card" device (LB 522) did not provide for the dispensing of a physical card or ticket to the player. We concluded that, "[b]ecause of the absence of a physical card or ticket, . . ., it [was] questionable whether the `electronic' pickle card play proposed under LB 522 [could] be considered a permissible form of `lottery' under art. III, § 24." Op. Att'y Gen. No. 97013 at 8. We also noted, however, that another bill which proposed to amend the Nebraska Pickle Card Lottery Act (LB 723), while it allowed the use of video pickle card display devices, "continue[d] to require that the player receive a physical card or ticket, to be opened by the player." Id. In that case, we concluded that "the video display of the contents of the ticket could be viewed as a legitimate form of technological aid or enhancement to play, with the physical card or ticket remaining as an element of the lottery." Id.
Thus, we found that the "use of video enhancement in the play of the game in this manner, while retaining the physical card or ticket element, would be consistent with the type of `lottery' which the Legislature may authorize under art. III, § 24." Id.
LB 659 proposes to permit the use of "electronic pickle card dispensing devices which provide for the electronic opening of a pickle card by moving a finger or other physical object over the pickle card which is electronically displayed." LB 659, § 1. The electronic dispensing device "shall issue a ticket which provides tangible evidence of participation and which bears the name and state identification number of the licensed organization, the date and time of purchase, whether the ticket is a winning or losing ticket, and if it is a winning ticket, the amount of the prize and a secure electronic code that must be validated and redeemed by the cashier on the premises." Id. No electronic pickle card dispensing device "shall dispense coins, currency, or tokens."Id.
LB 659 is an apparent attempt to address the constitutional objections to LB 522 raised in our prior opinion. While permitting the use of "electronic" pickle card devices, LB 659 (unlike LB 522) incorporates a requirement that a "ticket" be dispensed by the device, which, in the case of a winning ticket, must be presented to a cashier on the premises for payment. LB 659 does not, however, provide for the dispensing of a physical ticket which must be opened by the player after video display of a pickle card. In our prior opinion, we concluded that legislation authorizing the use of a video display device, but still providing for the dispensing of a physical ticket to be opened by the player (LB 723), was constitutional. The question which remains is whether the "ticket" provision contained in LB 659 is consistent with the Legislature's power to authorize "lotteries" for charitable or community betterment purposes under art. III, § 24.
In our view, the gambling activity contemplated under LB 659 does not comport with our prior opinion addressing the Legislature's power to authorize "lotteries" for charitable or community betterment purposes. We have previously concluded that art. III, § 24, prohibits the Legislature from authorizing any "game of chance," a broad term which encompasses all forms of gambling containing the elements of prize, chance, and consideration. Op. Att'y Gen. No. 95085 at 22. In construing the authority granted the Legislature in art. III, § 24, to authorize "lotteries" for charitable or community betterment purposes, we have concluded that the term "lottery" "must be interpreted in a narrower sense" than the broad, generic term "game of chance." We believe that "lotteries" for charitable or community betterment purposes which the Legislature may authorize under art. III, § 24, are limited to "schemes in which tickets or tokens are distributed or sold and prize winners either secretly predetermined or ultimately selected by some form of random drawing." Id. at 23. Accordingly, we have taken the position that the Legislature may not permit the use of "slot machines" or other "electronic gaming devices" under the constitutional grant permitting the Legislature to authorize "lotteries" for charitable or community betterment purposes. Id. at 24.
The gambling activity that LB 659 would authorize appears, in reality, to constitute an impermissible game of chance, as opposed to a permissible lottery. Previously, as noted, we concluded that use of a video display device to "read" a pickle card ticket, but which actually dispensed a ticket which the player was required to open, was consistent with the type of "lottery" permitted under art. III, § 24. Op. Att'y Gen. No. 97013 at 8. We viewed the video display of the contents of the ticket as a "form of technological aid or enhancement to play, with the physical card or ticket remaining as an element of the lottery." In contrast, the "electronic pickle card devices" proposed in LB 659 do not merely "read" pickle card tickets; in actuality, the devices essentially replace pickle card tickets. Players do not actually "play" pickle card tickets when using these devices; rather, the gambling is conducted solely by play of the electronic device. While the bill purports to provide that winning "tickets" are produced as a result of play of the device, it is apparent that these so-called tickets are nothing more than receipts entitling a player to receive payment. The "ticket" dispensed by the device is not utilized to play the purported "lottery."
The Legislature's power to define terms is limited because the Legislature may not, under the guise of definition: (1) abrogate or contradict an express constitutional provision; or (2) establish a definition which is unreasonable or arbitrary. SeeNatural Gas Pipeline Co. v. State Bd. Of Equal., 237 Neb. 357,466 N.W.2d 461 (1991) (Grant, J., concurring); State ex rel. Meyer v.Peters, 191 Neb. 330, 215 N.W.2d 520 (1974). Moreover, "[t]he Legislature may not circumvent an express provision of the Constitution by doing indirectly what it may not do directly."Haman v. Marsh, 237 Neb. 699, 708, 467 N.W.2d 836, 844 (1991). We believe that the "electronic pickle card dispensing device" proposed under LB 659 does not constitute a permissible "lottery" under art. III, § 24, because play or participation is not truly based on a "ticket," but, rather, on the operation of the electronic device, which determines the winner. In actuality, the term "electronic pickle card dispensing device" is a misnomer, because the device does not, in fact, "dispense" a pickle card. In essence, the devices that would be authorized under LB 659 operate as electronic gambling devices of the type which we have previously concluded cannot be authorized by the Legislature based on the prohibition against "games of chance" under art. III, § 24. It is therefore our opinion that the Legislature may not, as part of a lawful form of pickle card lottery, authorize use of "electronic pickle card dispensing devices" as proposed in LB 659.[2]
II. LB 560 — "ELECTRONIC" KENO
In Op. Att'y Gen. No. 97013, we addressed the validity of proposed amendments to the County and City Lottery Act intended to "permit the use of electronic means to replace the paper ticket requirement which the player currently uses to select his or her numbers, to allow the player to activate the number selection device, [and] to remove the time limits on use of electronic devices. . . .'" Id. at 9. We concluded as follows:
 [I]t is our opinion that the `electronic' keno proposed . . . does not constitute a form of `lottery' which the Legislature may authorize under art. III, § 24. The bill proposes to eliminate the current `paper ticket' requirement, which, of course, is one part of the definition of [a constitutionally permissible lottery]. Of greater significance, however, is the elimination of the `player-activation' restriction . . . We cannot accept the premise that elimination of the `player-activation' provision does not `change the essential nature' of the activity. While it is true that a computer or electronic device may be used to select winning numbers under current law, we believe it is significant that these devices are not activated by the players, but, rather, are used by the keno operator. The concept of individual players activating gambling devices utilizing random-generation of numbers to determine winners at each device is, in our view, inconsistent with what we believe is the narrow manner in which the people, through their Constitution, intended to grant the Legislature power to permit `lotteries' for community betterment purposes.
Id. at 12-13.
LB 560 proposes to amend the definition of "lottery" permitted under the Nebraska County and City Lottery Act to include keno based on a player's selection of numbers on a paper ticket or a "magnetically recorded ticket." LB 560, § 1. The bill does not, however, define the term "magnetically recorded ticket," nor does it otherwise attempt to explain the manner in which such "magnetically recorded ticket[s]" would be utilized as a permissible form of keno. Absent any such clarification, it is impossible for us to attempt to render an opinion as to the constitutionality of LB 560. To the extent that the bill is intended to authorize a form of electronic keno such as that proposed under former LB 522, we adhere to our prior opinion finding that such legislation was contrary to art. III, § 24. Op. Att'y Gen. No. 97013 at 9-13. Absent additional information regarding the proposed operation of the form of keno proposed under LB 560, we cannot provide further guidance as to the constitutionality of the bill.
Sincerely,
 DON STENBERG Attorney General
 L. Jay Bartel Assistant Attorney General
Approved by:
DON STENBERG
Attorney General
pc: Patrick O'Donnell, Clerk of the Legislature
[2] Subsequent to receipt of your request, LB 659 was placed on Select File with E R Amendments. AM 7190. We have reviewed the changes made by AM7190, and conclude that they do not alter our conclusion regarding the constitutionality of the so-called "electronic pickle card dispensing devices."